IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

B&H MANAGEMENT, LLC,            *

    Plaintiff,                 *

vs.                            *        CASE NO. 3:13-CV-141 (CDL)

JOHN G. DIXON, JR.,            *

    Defendant.                 *

_____

O R D E R

Plaintiff seeks leave to file an interlocutory appeal from the bankruptcy judge's order denying summary judgment in an adversary proceeding in the underlying bankruptcy case. The issue presented for appeal is the extent to which the bankruptcy court must give collateral estoppel effect to a state court default judgment, particularly as it relates to the dischargeability of Plaintiff's claim against the bankruptcy debtor. To have that issue heard by this Court at this stage of the proceedings, Plaintiff must first obtain permission to pursue the interlocutory appeal. For the following reasons, the Court denies Plaintiff's request for an interlocutory appeal.

DISCUSSION

The Federal Rules of Bankruptcy Procedure permit interlocutory appeals from a bankruptcy judge's rulings to the

district court.  *See* Fed. R. Bankr. P. 8001(b).  The district court has jurisdiction to hear such appeals with leave of court.  *See* 28 U.S.C. §158(a)(3).  The statutory authority establishing district court jurisdiction over interlocutory bankruptcy appeals does not, however, provide guidance for determining when a district court should exercise its discretion to entertain such appeals.  Because district courts sit as courts of appeal when hearing appeals from bankruptcy courts, it follows that the district court should follow the same principles that the court of appeals would follow when deciding whether to permit an interlocutory appeal from a non-final judgment.

Generally, a non-final judgment is not appealable as a matter of right.  And the parties in this action agree that the bankruptcy order at issue here is not automatically appealable.  One of the statutory exceptions to the final judgment rule is 28 U.S.C. §1292(b).  The parties in the present action agree that this statutory provision provides guidance as to when an interlocutory appeal should be permitted.  The Eleventh Circuit tells us that an interlocutory appeal under § 1292(b) is appropriate if three things happen:  (1) the judge whose order is being appealed certifies in writing that his order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination

of the litigation;" (2) the party, within ten days of the lower court's order, applies for permission to appeal; and (3) the appellate court decides in its discretion to exercise interlocutory review. *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1253 (11th Cir. 2004).

In the present motion, both parties focus on the discretionary factors that the appellate court should consider under §1292(b): (1) whether the appeal involves a controlling question of law, (2) whether there is substantial difference of opinion as to that question; and (3) whether an immediate appeal will materially advance the ultimate termination of the litigation. Neither party even mentions the requirement that the judge whose ruling is being appealed must provide a certificate as to the presence of these three factors, and the cases relied upon by both parties likewise ignore the §1292(b) certificate requirement. *See, e.g., Trauner v. State Bank & Trust Co.,* Civil Action No. 1:12-cv-03761-JEC-, 2013 WL 5350611 (N.D. Ga. Sept. 23, 2013) (citing *Laurent v. Herkert,* 196 F. App'x 771 (11th Cir. 2006). This Court knows of no reason why such a certificate would be important to the court of appeals when it decides whether to permit a discretionary interlocutory appeal from the district court and yet not be helpful to a district court when it decides whether to allow an interlocutory appeal from bankruptcy court. The bankruptcy judge, who is the

judicial officer most familiar with the case, is in the best position to evaluate whether an immediate appeal will materially advance the ultimate termination of the litigation. Moreover, the bankruptcy judge is fully capable of determining whether the decision for which immediate appeal is sought involves a controlling question of law and whether there is a substantial difference of opinion as to that question, particularly given the fact that the bankruptcy judge presumably studied the issue thoroughly before rendering the interlocutory decision. When Congress enacted § 1292(b), it certainly decided that the district judge was in the best position to make these determinations initially, and thus it codified the certificate requirement as a condition precedent for an interlocutory appeal from the district court. This Court finds that bankruptcy judges are similarly situated when parties seek an interlocutory appeal of their decisions. While the certificate requirement may not be a statutory condition precedent for interlocutory appeals from bankruptcy court to district court, a district judge, as a matter of discretion, should be able to consider the presence or absence of a certificate when deciding whether to permit an interlocutory appeal.

The bankruptcy judge whose order Plaintiff seeks to appeal in the present action has not stated in writing that his order involved a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from his order may materially advance the ultimate termination of the litigation. Finding that the bankruptcy judge's determination that the § 1292(b) factors are present is essential to this Court's decision as to whether to allow the appeal here, the Court denies the request for leave to appeal. Since Plaintiff may not have anticipated the importance that this Court would place on a §1292(b) certificate, Plaintiff shall have 14 days from today's order to seek a certificate from the bankruptcy judge. If one is obtained, the Court will reconsider its denial of leave to appeal.[1]

IT IS SO ORDERED, this 3rd day of January, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not hold that the "1292(b) certificate" requirement is jurisdictional for interlocutory appeals from the bankruptcy court, but the Court finds that one is necessary for the district court to be fully informed as it determines whether to allow an interlocutory appeal.

5